TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
FATIMARGENTINA LACAYO (Cal. Bar No. 326248)
HILLARY M. BURRELLE (Cal. Bar No. 298931)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3038/2420
    Facsimile: (213) 894-7819
    E-mail: Fatima.Lacayo@usdoj.gov/Hillary.Burrelle@usdoj.gov

Attorneys for Defendant Louis DeJoy,
Postmaster General, United States Postal Service

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EBONY BALLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>LOUIS DEJOY, Postmaster General of the United States Postal Service,<br><br>    Defendant. | No. CV 20-02679 MCS (Ex)<br><br>DEFENDANT'S MOTION IN LIMINE #1 TO EXCLUDE, OR IN THE ALTERNATIVE LIMIT, THE TESTIMONY OF DELORES FRACTIOUS; DECLARATION OF FATIMARGENTINA LACAYO<br><br>Pretrial Conf: May 24, 2021<br>Time: 2:00 p.m.<br>Trial: June 15, 2021<br>Ctrm: United States Courthouse<br>350 W. First Street<br>Courtroom 7C, 7th Floor<br>Los Angeles, CA 90012<br><br>Hon. Mark C. Scarsi<br>United States District Judge |

1

## NOTICE OF MOTION AND MOTION IN LIMINE NO. 1

PLEASE TAKE NOTICE that on May 24, 2021, at 2:00 p.m., or as soon thereafter as it may be heard, defendant Louis DeJoy, Postmaster General for the United States Postal Service ("USPS"), will, and hereby does, move this Court for an order excluding, or in the alternative limiting the testimony of, Plaintiff's lay witness Delores Fractious. This motion will be made in the First Street Federal Courthouse before the Honorable Mark C. Scarsi, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 7C, 7th Floor.

Defendant brings this motion on the ground that Delores Fractious' testimony is irrelevant, is inadmissible as it relates to subsequent remedial measures and character evidence, and will serve only to improperly inflame the passions of the jury in violation of Federal Rules of Evidence 402, 403, 404 and 407.

This motion is made upon this notice, the Declaration of Fatimargentina Lacayo the attached memorandum of points and authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion. This motion is made following the conference of counsel pursuant to the Local Rule 16-2 meeting of counsel and this Court's Scheduling Order, which was held on April 26, 2021.

Dated: May 3. 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/
FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant, Louis DeJoy

2

## I. INTRODUCTION

Plaintiff has indicated her intent to call Delores Fractious as a lay witness in her case in chief. Ms. Fractious is a relief clerk with the USPS. If permitted to testify, Defendant anticipates that Ms. Fractious will allege that on one occasion in or around 2018, City Carrier Raul Wysinger grabbed her buttocks in the workplace and that on one or two occasions he made verbal comments that made her feel uncomfortable. Importantly, Ms. Fractious admitted during her deposition that she never reported the physical or verbal interactions to anyone in USPS management. (Declaration of Fatimargentina Lacayo, Ex. A.) As Plaintiff must prove that USPS management was on notice of the allegedly hostile work environment, Ms. Fractious' testimony is made irrelevant by her own admission. Further, the emotional nature of Ms. Fractious' testimony will serve only to inflame the passions of the jury, rendering the testimony far more prejudicial than probative.

The testimony further contains inadmissible character evidence relating to the alleged harasser, Raul Wysinger, and inadmissible evidence of subsequent remedial measures by the USPS following Ms. Fractious' involvement in the present litigation.

## II. ARGUMENT

### A. Fractious' Testimony Should Be Excluded in Its Entirety

Ms. Fractious' testimony is not relevant to the hostile work environment claim at issue and should be excluded in its entirety. The jury in this case is charged with evaluating whether Plaintiff experienced a hostile work environment based on sex, and whether the USPS knew or should have known about the alleged harassment and failed to take reasonable steps to end the harassment. *See* Ninth Cir. Model Civil Jury Instruction No. 10.7.

Federal Rules of Evidence 401 and 402 provide that only relevant evidence is admissible. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Courts routinely

exclude evidence that is not relevant to the allegations found in the parties' pleadings. *See, e.g., Lloyd v. Pac. Elec. Ry. Co.*, 207 F.2d 662 (9th Cir. 1953). Here, Ms. Fractious admits that she never informed USPS management of her own experiences with Mr. Wysinger, nor did she personally witness the harassing conduct alleged by Plaintiff. She cannot offer any testimony regarding USPS management's knowledge of the alleged harassment experienced by Plaintiff, the steps taken by USPS management to address the alleged harassment, or whether those steps were reasonably calculated to end the alleged harassment. Ms. Fractious' testimony has no relation to any fact of consequence to the jury's evaluation and determination of the claims at issue in this matter.

In employment discrimination cases, evidence by lay witnesses of independent harassing or retaliatory conduct by the same wrongdoer ("Me Too" evidence) is also properly excluded under Federal Rules of Evidence 404(b). Rule 404(b) makes inadmissible "[e]vidence of other ... wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." *See also Krunosky v. Genesis Group Restaurants, LLC*, 2007 WL 3310648, *1 (S.D. Ala. Nov. 6, 2007) ("me too" evidence excluded *in limine* under Rule 404(b) in employment discrimination case) (citing *Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001).) Here, Plaintiff's proffer of Ms. Fractious' testimony would effectively suggest to the jury that Mr. Wysinger harassed Ms. Fractious in the past, and therefore must have harassed Ms. Ballard as alleged.

Furthermore, Federal Rule of Evidence 403 renders even relevant evidence inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. It is squarely within the trial court's discretion to perform a Rule 403 balancing test and exclude evidence when the jury might give unfair or undue weight to the evidence or might be confused as to the relevance of the evidence. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417-18 (9th Cir. 1986).

The danger of undue prejudice to Defendant from Ms. Fractious' proffered "Me

Too" evidence is significant, as it will lead jurors into improperly lumping together Plaintiff's claims with those made by Ms. Fractious and imputing liability for actions not at issue in this matter. Similarly, if Ms. Fractious is allowed to testify regarding her alleged harassment, Defendant will then be placed in the position of either presenting evidence to rebut the veracity of her claims, or of allowing the testimony to stand unrebutted. The latter option would have an obvious prejudicial impact on the jury's consideration of the case, and the former would require Defendant to try multiple harassment cases at the same time. For these reasons, the Ninth Circuit has found that "Me Too" testimony is unduly prejudicial and thus inadmissible. *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (finding that admitting "Me Too" evidence of retaliatory conduct would recreate "mini trials" and result in undue prejudice).

### B. If Permitted To Testify, Fractious' Testimony Should Be Limited

If this Court is inclined to permit Ms. Fractious to testify, her testimony should be limited to her recollections and experiences prior to the filing of the instant lawsuit. Defendant has a good faith belief that, if permitted to testify, Ms. Fractious will discuss actions taken, or not taken, by USPS management in relation to her harassment complaint after she came forward during the course of this litigation. Such information is irrelevant, inflammatory, and may relate to subsequent remedial measures.

First, Ms. Fractious is not the named Plaintiff in this matter. As such, steps taken by the USPS to address or resolve any alleged harassment that Ms. Fractious experienced is not at issue. Allowing Ms. Fractious to discuss remedial measure by the USPS in relation to her claims would have the prejudicial and misleading effect on the jury of suggesting that the USPS must justify not only its remedial actions towards Plaintiff, but also toward Ms. Fractious.

Similarly, if the USPS has taken remedial efforts in response to Ms. Fractious' claims, those actions fall directly within the Subsequent Remedial Measures provision of the Federal Rules of Evidence. Specifically, Rule 407 prohibits use of evidence of

subsequent remedial measures to prove negligence. Conversely, if the jury hears that the USPS has not yet taken any remedial steps to address the harassment alleged by Ms. Fractious, the jury may improperly hold that against the USPS and impute liability without proper evidentiary support. Thus, even if deemed relevant, the testimony is still inadmissible under Rule 407 or Rule 403.

For these reasons, Ms. Fractious should not be permitted to testify regarding any remedial actions, or lack thereof, taken by USPS management to address her allegations of harassment.

### III. CONCLUSION

For the reasons set forth above, Defendant respectfully asks that this Court exclude the witness testimony of Delores Fractious, or limit her testimony as described herein if permitted.

Dated: May 3. 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/
_____
FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant, Louis DeJoy