1  TRACY L. WILKISON
   Acting United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  FATIMARGENTINA LACAYO (Cal. Bar No. 326248)
   HILLARY M. BURRELLE (Cal. Bar No. 298931)
6  Assistant United States Attorney
        Federal Building, Suite 7516
7       300 North Los Angeles Street
        Los Angeles, California 90012
8       Telephone: (213) 894-3038/5645
        Facsimile: (213) 894-7819
9       E-mail: Fatima.Lacayo@usdoj.gov/Hillary.Burrelle@usdoj.gov

10 Attorneys for Defendant Louis DeJoy,
   Postmaster General, United States Postal Service

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| EBONY BALLARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY, Postmaster General of the United States Postal Service,<br><br>　　　　Defendant. | No. CV 20-02679 MCS (Ex)<br><br>DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY REGARDING OTHER EEO COMPLAINTS AND IMPROPER LAY PERSON OPINION<br><br>Pretrial Conf:　May 24, 2021<br>Time:　　　　　2:00 p.m.<br>Trial:　　　　　June 15, 2021<br>Ctrm:　　　　　United States Courthouse<br>　　　　　　　　350 W. First Street<br>　　　　　　　　Courtroom 7C, 7th Floor<br>　　　　　　　　Los Angeles, CA 90012<br><br>Hon. Mark C. Scarsi<br>United States District Judge |

# NOTICE OF MOTION AND MOTION IN LIMINE NO. 2

PLEASE TAKE NOTICE that on May 24, 2021, at 2:00 p.m., or as soon thereafter as it may be heard, defendant Louis DeJoy, Postmaster General for the United States Postal Service ("USPS"), will, and hereby does, move this Court for an order (i) excluding any testimony or evidence of other EEO complaints filed by Plaintiff's co-workers and (ii) excluding any improper lay witness testimony from using the term "retaliation." This motion will be made in the First Street Federal Courthouse before the Honorable Mark C. Scarsi, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 7C, 7th Floor.

Defendant brings this motion on the ground that testimony as to EEO complaints brought by Plaintiff's co-workers is irrelevant and inadmissible in violation of Federal Rules of Evidence 403 and 404. Lay witnesses improperly using the term "retaliation" may confuse the jury in violation of Federal Rules of Evidence 403 and 701.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the files and records in this case, and such other evidence or argument as the Court may consider. This Motion is made following the conference of counsel pursuant to Local Rule 16-2 meeting of counsel and this Court's Scheduling Order, which was held on April 26, 2021.

Dated: May 3. 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/ Fatimargentina Lacayo
FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant, Louis DeJoy

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant anticipates that Plaintiff will attempt to present evidence at trial about EEO proceedings (not involving Plaintiff) at USPS involving different claimants, different time periods, and different adverse actions under the guise of "me too" evidence. Plaintiff should be barred from using such evidence in support of her claims since the evidence is irrelevant to the issues in this case, would require multiple "mini-trials," and has a high probability of confusing the jury and unfairly prejudicing Defendant.

In addition, Plaintiff should be barred from eliciting improper lay opinion from his trial witnesses that are couched as legal conclusions. Thus, any testimony from witnesses labelling actions from supervisors as "retaliatory" or "retaliation" should be excluded.

**II.   ARGUMENT**

**A.   Allegations of Discrimination by Other USPS Employees Should Be Excluded**

Evidence of other EEO complaints or grievances by Plaintiff's co-workers has no bearing on the alleged instances of unlawful discrimination in this case and should be excluded from the trial. Such evidence simply invites an emotional response from the jury and encourages improper "propensity" reasoning. *See United States v. Fagan*, 996 F.2d 1009, 1015 (9th Cir. 1993) (evidence is unfairly prejudicial if it "affect[s] adversely the jury's attitude toward the defendant wholly apart from its judgment as to" defendant's liability); *see also* Fed. R. Evid. 404(a) (prohibiting evidence of prior bad acts offered to show conduct in conformity therewith).

Also, jury confusion and unfair prejudice to Defendant would be unavoidable. The Ninth Circuit found that the inherent risk of jury confusion from a parade of employee witnesses claiming discrimination cannot be cured "even [by] the strongest jury instructions," and that "mini trials" on the claims of such witnesses may amount to "an

inefficient allocation of trial time." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). The Ninth Circuit further noted that a trial court could reasonably conclude that such evidence may "create a significant danger that the jury would base its assessment of liability on remote events involving other employees, instead of recent events concerning Plaintiffs." *Tennison v. Circus Circus Enterpris., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001).

To protect against the danger of "mini trials" on other employees' claims of discrimination, which would distract the jury from issues in this case, greatly prejudice Defendant through impermissible character-type evidence, and unnecessarily lengthen the trial, any testimony regarding co-worker EEO complaints or grievances should be excluded from trial.

**B.     Statements from Witnesses That Supervisors' Actions were "Retaliatory" or "Retaliation" Should Be Excluded**

Statements from trial witnesses that label the actions of supervisors as "retaliatory" or as constituting "retaliation" are improper lay opinion, which should not be elicited by either party. Pursuant to Rule 701 of the Federal Rules of Evidence, lay opinion is limited to that which is:

(i) rationally based on the witness's perception;

(ii) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(iii) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"Opinion testimony in the form of a legal conclusion is impermissible because it tends to convey the witness's unexpressed and perhaps erroneous legal standards to the jury." *Torres v. County of Oakland*, 758 F.2d 147, 150 (9th Cir. 1985). Exclusion is required if "the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *Id.* at 151.

In this case, the legal term of art "retaliation" has a very specific meaning as defined in the case law. Use of this term by a lay witness has the high likelihood of providing overly influential and prejudicial testimony to the jury. *See Torres*, 758 F.2d at 150. ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury."). Thus, to the extent that Plaintiff's counsel attempts to elicit testimony from trial witnesses labelling the actions of USPS supervisors as "retaliatory" or as "retaliation," these efforts should be explicitly prohibited.

## III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order (i) excluding any testimony or evidence of other EEO complaints or grievances filed by Plaintiff's co-workers and (ii) excluding any improper lay witness testimony labelling the actions of supervisors taken by USPS as "retaliatory" or as "retaliation."

Dated: May 3. 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/ Fatimargentina Lacayo
FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant, Louis DeJoy