TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
FATIMARGENTINA LACAYO (Cal. Bar No. 326248)
HILLARY M. BURRELLE (Cal. Bar No. 298931)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3038/5645
    Facsimile: (213) 894-7819
    E-mail: Fatima.Lacayo@usdoj.gov/Hillary.Burrelle@usdoj.gov

Attorneys for Defendant Louis DeJoy,
Postmaster General, United States Postal Service

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EBONY BALLARD,<br><br>        Plaintiff,<br><br>        v.<br><br>LOUIS DEJOY, Postmaster General of the United States Postal Service,<br><br>        Defendant. | No. CV 20-02679 MCS (Ex)<br><br>DEFENDANT'S MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE RELATING TO THE TERMINATIONS AND/OR DISCIPLINE OF OTHER USPS EMPLOYEES<br><br>Pretrial Conf: May 24, 2021<br>Time: 2:00 p.m.<br>Trial: June 15, 2021<br>Ctrm: United States Courthouse<br>350 W. First Street<br>Courtroom 7C, 7th Floor<br>Los Angeles, CA 90012<br><br>Hon. Mark C. Scarsi<br>United States District Judge |

## NOTICE OF MOTION AND MOTION IN LIMINE NO. 4

PLEASE TAKE NOTICE that on May 24, 2021, at 2:00 p.m., or as soon thereafter as it may be heard, defendant Louis DeJoy, Postmaster General for the United States Postal Service ("USPS"), will, and hereby does, move this Court for an order excluding evidence relating to the termination or discipline of USPS employees not involved in the present action. This motion will be made in the First Street Federal Courthouse before the Honorable Mark C. Scarsi, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 7C, 7th Floor.

Defendant brings this motion on the ground that evidence of terminations or discipline of USPS employees not involved in this action is irrelevant and its probative value is substantially outweighed by the risk of undue prejudice in violation of Federal Rules of Evidence 402 and 403.

This motion is made upon this notice, the attached memorandum of points and authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion. This motion is made following the conference of counsel pursuant to the Local Rule 16-2 meeting of counsel and this Court's Scheduling Order, which was held on April 26, 2021.

Dated: May 3. 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/
FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant, Louis DeJoy

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has indicated her intent to introduce evidence at trial regarding the termination of USPS employees who are not involved in the present action. Specifically, during her deposition, Acting Supervisor Ravonne Mandac testified that other, unnamed USPS employees were terminated for improperly using USPS gas cards for personal expenses and having attendance issues. Importantly, none of those terminated employees are witnesses or parties in this action. The disciplinary decisions made by the USPS relating to employees who are not a part of this action are irrelevant and would improperly require the USPS to simultaneously defend disciplinary decisions that have no bearing on the facts or allegations in this matter. Defendant anticipates that Plaintiff will attempt to introduce evidence of these other unrelated terminations to suggest to the jury that the alleged harasser should have been terminated. The circumstances of these other terminations vary greatly, however, and do not have any probative value to the case and can lead to prejudice, confusion, and a waste of time.

## II. ARGUMENT

Evidence that unnamed USPS employees were terminated for misusing gas cards or poor attendance is irrelevant to the claims at issue in this case. Federal Rules of Evidence 401 and 402 provide that only relevant evidence is admissible. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Courts routinely exclude evidence that is not relevant to the allegations found in the parties' pleadings. *See, e.g., Lloyd v. Pac. Elec. Ry. Co.*, 207 F.2d 662 (9th Cir. 1953).

Here, Plaintiff is required to prove that she was subjected to a hostile work environment based on sex, and that the USPS knew or should have known and failed to take reasonable steps to stop the allegedly harassing behavior. *Swinton v. Potomac Corp.*, 270 F.3d 794, 803–804, 820 (9th Cir. 2001). There is no legal requirement that an

alleged harasser be terminated, or that his discipline be on par with that experienced by other employees for dissimilar offenses such as theft or absence. *See Swenson v. Potter*, 271 F.3d 1184, 1197 (9th Cir. 2001). "A warning or other discipline, even dismissal, may be the appropriate action in some circumstances, but the proper object of an employer's response is to deter and stop further harassment, not to punish the harasser." *See Rodriguez v. Maricopa Cty. Cmty. Coll. Dist.*, 605 F.3d 703, 707 (9th Cir. 2010). Where termination is not legally required, evidence that other individuals have been terminated under completely different circumstances has no relation to any fact of consequence to the jury's evaluation and determination of the claims at issue in this matter.

Furthermore, Federal Rule of Evidence 403 renders even relevant evidence inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." It is squarely within the Court's discretion to perform a Rule 403 balancing test and exclude evidence when the jury might give unfair or undue weight to the evidence or might be confused as to the relevance of the evidence. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417-18 (9th Cir. 1986).

The danger of undue prejudice to Defendant from previous unrelated terminations evidence is significant, as it could lead jurors into improperly assuming that termination was required in this case and that the USPS was negligent for failing to terminate the alleged harasser. Similarly, if Plaintiff is permitted to elicit evidence of other terminations or unrelated disciplinary actions, Defendant will be forced to explain the circumstances of those terminations and justify the disciplinary decision made in those cases, or risk prejudicial comparisons by the jury. Such "mini-trials will be confusing for the jury, and result in undue prejudice to Defendant. As such, exclusion of the evidence is warranted under Federal Rule of Evidence 403.

///

## III. CONCLUSION

For the reasons set forth above, Defendant respectfully asks that this Court exclude evidence regarding the termination or discipline of USPS employees not involved in the present action.

Dated: May 3. 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Hillary M. Burrelle*

FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant, Louis DeJoy