TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
FATIMARGENTINA LACAYO (Cal. Bar No. 326248)
HILLARY M. BURRELLE (Cal. Bar No. 298931)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-3038/2420
        Facsimile: (213) 894-7819
        E-mail: Fatima.Lacayo@usdoj.gov/Hillary.Burrelle@usdoj.gov

Attorneys for Defendant Louis DeJoy,
Postmaster General, United States Postal Service

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EBONY BALLARD,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, Postmaster General of the United States Postal Service,<br><br><br>Defendant. | No. CV 20-02679 MCS (Ex)<br><br>DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW<br><br>Trial:          June 15, 2021<br>Time:         8:30 a.m.<br>Ctrm:         United States Courthouse<br>                    350 W. First Street<br>                    Courtroom 7C, 7th Floor<br>                    Los Angeles, CA 90012<br><br>Hon. Mark C. Scarsi<br>United States District Judge |

Pursuant to Local Rule 16-4, Louis DeJoy, Postmaster General ("Defendant"),

hereby submits his Memorandum of Contentions of Fact and Law.

**I.      CLAIMS AND DEFENSES [Local Rule 16-4.1(a-g)]**

Ebony Ballard ("Plaintiff") asserts claims of hostile work environment base on sex

and retaliation based on protected activity against her employer, the United States Postal

Service ("USPS"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e

1  ("Title VII"). Plaintiff was employed by the USPS from 2017 to 2020 as a Postal

2  Support Employee (PSE) Clerk, a temporary, non-career position employee. She was

3  transitioned to a permanent employee on or about May 2020, the position she currently

4  holds.

5       Plaintiff alleges that USPS knew or should have known of her coworker Raul

6  Wysinger's alleged harassment prior to the making of her April 19, 2019 sexual

7  harassment complaint, to which USPS management immediately responded. Plaintiff,

8  however, alleges that USPS's response to her April 19, 2019, complaint was inadequate,

9  and that USPS retaliated against her for bringing an EEO complaint.

10       Defendant contends that USPS management had no knowledge of Wysinger's

11  alleged harassment prior to April 19, 2019, and that immediately after Plaintiff made her

12  complaint on April 19, 2019, USPS investigated her allegations resulting in discipline of

13  the alleged harasser. Defendant further contends that Plaintiff's work hours were

14  regularly altered based on legitimate business purposes, and that none of the changes to

15  her work schedule or work conditions were retaliatory.

16      **A.**    **Summary of Plaintiff's Claims**

17      <u>Claim No. 1</u>: Plaintiff alleges that she was subjected to a hostile work environment

18  based on sex in violation of Title VII.

19      <u>Claim No. 2</u>: Plaintiff alleges that Defendant retaliated against her on the basis of

20  her protected activity in violation of Title VII.

21      **B.**    **Elements Required to Establish Plaintiff's Claims**

22          1.   <u>Elements Required to Establish Hostile Work Environment</u>

23      To succeed on her hostile work environment claim, Plaintiff has the burden of

24  proving by a preponderance of the evidence that:

25      1. She was subjected to sexual advances, requests for sexual conduct, or other verbal

26  or physical conduct of a sexual nature;

27      2. The conduct was unwelcome;

28      3. The conduct was sufficiently severe or pervasive to alter the conditions of the

1  plaintiff's employment and create a sexually abusive or hostile work environment;

2      4. Plaintiff perceived the working environment to be abusive or hostile; and

3      5. A reasonable woman in Plaintiff's circumstances would consider the working

4  environment to be abusive or hostile.

5  *See* Ninth Circuit Manual of Model Civil Jury Instruction No. 10.5.

6      Further, as the alleged harasser was Plaintiff's co-worker and not in a supervisory

7  or managerial role, Plaintiff must prove by a preponderance of the evidence:

8      1. She was subjected to a sexually hostile work environment by a co-worker; and

9      2. The defendant or a member of the defendant's management knew or should have

10  known of the harassment and failed to take prompt, effective remedial action reasonably

11  calculated to end the harassment.

12  *See* Ninth Circuit Model Civil Jury Instruction No. 10.7.

13      2.    Elements Required to Establish Retaliation Claim

14      To succeed on her retaliation claim, Plaintiff has the burden of proving by a

15  preponderance of the evidence that:

16      1. She participated in an activity protected under federal law;

17      2. The USPS subjected Plaintiff to an adverse employment action; and

18      3. Plaintiff was subjected to the adverse employment action because of her

19  participation in a protected activity.

20  *See* Ninth Circuit Model Civil Jury Instruction No. 10.8.

21      3.    Elements Required to Establish Damages

22      To obtain an award for damages based on employment discrimination, Plaintiff

23  has the burden of proving by a preponderance of the evidence:

24      (1) That Plaintiff suffered damages caused by Defendant's actions;

25      (2) The existence of back wages, lost pay and/or employee benefits; and

26      (3) The amount of back wages, lost pay and/or employee benefits.

27  *See* Ninth Circuit Manual of Model Civil Jury Instruction 5.1 and 5.2.

28      Under Title VII, the Court, not the jury, makes determinations about equitable

1   remedies like back pay, front pay and reinstatement. *Lutz v. Glendale Union High Sch.*,

2   403 F.3d 1061, 1069 (9th Cir. 2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S.

3   405, 415–16 (U.S. 1975). Additionally, under Title VII, compensatory damages are

4   limited to $300,000. *See Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148 (9th

5   Cir. 1999).

6         **C.      Evidence in Opposition to Plaintiff's Claims**

7         There is insufficient evidence for Plaintiff to prevail on her hostile work

8   environment or retaliation claims. While the parties agree that Plaintiff made a complaint

9   regarding alleged harassment on April 19, 2019, she will be unable to establish that

10  USPS knew or should have known of the harassment prior to that date. Specifically,

11  there is no evidence that Plaintiff complained to USPS management about harassing

12  behavior at any time prior to April 19, 2019. Plaintiff's allegation that she verbally

13  reported the behavior prior to April 19, 2019 is directly contradicted by the testimony of

14  Plaintiff's USPS supervisors, as well as Plaintiff's then boyfriend, Rechard Becnel, and

15  her friend/coworker, Lawrence Gray.

16        Plaintiff will also fail to prove that the USPS acted unreasonably after receiving

17  Plaintiff's complaint on April 19, 2019. Rather, the documentation and testimony

18  affirmatively demonstrates that USPS acted swiftly. Plaintiff's immediate supervisor,

19  Karla Arguello, drove Plaintiff to meet with Postmaster Debra Graham-Davis. Graham-

20  Davis initiated an extensive investigation into Plaintiff's allegations, and swiftly placed

21  the alleged harasser, Wysinger, on leave while the investigation was pending. The

22  investigation concluded with a permanent transfer of Wysinger to prevent any further

23  interaction between Wysinger and Plaintiff. Although Graham-Davis proposed

24  terminating Wysinger, his union intervened, and negotiated a reduction of the discipline

25  from a termination to a Last Chance Agreement. USPS management's actions were

26  prompt, effective and reasonably calculated to end the harassment. USPS, in fact, ended

27  the harassment as Plaintiff has not made any other complaints of alleged harassment

28  after USPS undertook these measures.

4

Finally, Plaintiff will fail to demonstrate that the USPS took any personnel actions against her in retaliation for engaging in EEO activity. Plaintiff's only properly exhausted retaliatory claims consist of altered hours, being "called out" at a meeting, and a verbal disagreement with a different supervisor, Maldonado, about her hours. None of these actions are adverse, nor were they retaliatory in nature. Plaintiff's own testimony, along with her time and pay records and the testimony of her supervisors, establishes that her hours had been changed multiple times before she engaged in EEO activity. Moreover, her supervisors will explain that the nature of Plaintiff's position as a temporary, non-career employee required that her schedule remain flexible to cover for other employees who were on leave or otherwise unavailable for their shifts. Plaintiff's hours were altered based on the needs of the department in June 2019, not because of Plaintiff's engagement in EEO activity.

Lastly, no experts have been disclosed in this case.

**D.    Defendant's Defenses**

Plaintiff's claimed damages are limited as provided for under 42 U.S.C. § 1981a, including but not limited to, a cap on non-pecuniary losses.

**E.    Elements of Defendant's Defenses**

Plaintiff's claimed damages are limited as provided for under 42 U.S.C. § 1981a(b)(3)(D), including but not limited to, a cap on non-pecuniary losses.

**F.    Evidence Defendant Relies on to Support Its Defenses**

The statutory cap on non-pecuniary damages is set by statute. 42 U.S.C. § 1981a. Defendant further disputes that Plaintiff is entitled to the full damages cap based on the evidence discussed above.

**G.    No Third Parties**

There are no third parties in this action.

**II.    EVIDENTIARY ISSUES [Local Rule 16-4.1(h)]**

Defendant anticipates that there will be evidentiary issues regarding foundation, hearsay, improper opinion and relevance. Specifically, Defendant anticipates objections

1  to Plaintiff's direct testimony regarding irrelevant issues or matters where she lacks

2  personal knowledge, and to Plaintiff's improper opinion and hearsay statements.

3  Defendant also anticipates objections regarding Plaintiff's economic damages claims and

4  any use of expert testimony to support Plaintiff's allegations to the extent she failed to

5  make disclosures in compliance with Fed. R. Civ. P. 26 or in discovery.

6  **III.    ISSUES OF LAW [Local Rule 16-4.1(i)]**

7  An employer "has leeway to make subjective business decisions, even bad ones."

8  *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 748 (9th Cir. 2003). Agency officials have

9  broad discretion to make personnel decisions and they should not be second guessed in

10 the absence of unlawful motivation. *Denney v. City of Albany*, 247 F.3d 1172, 1187 n.8

11 (11th Cir. 2001) (Federal courts do not generally sit to second guess the business

12 judgments of employers). USPS would have changed Plaintiff's schedule regardless of

13 her engagement in protected activity. Plaintiff cannot establish that her engagement in

14 protected activity is causally connected to any alleged adverse action.

15 **IV.    BIFURCATION OF ISSUES [Local Rule 16-4.3]**

16 To the extent that Plaintiff seeks equitable damages under Title VII, the jury should

17 not hear evidence regarding such damages because only the Court can decide such

18 damages. *See Lutz*, 403 F.3d at 1069.

19 **V.    TRIAL [Local Rule 16-4.4]**

20 Plaintiff timely demanded a trial by jury. The issue of liability and emotional

21 distress damages can be decided by a jury. However, determinations regarding equitable

22 remedies such as back pay, front pay, and reinstatement, are to be made by the Court

23 rather than the jury. *See Lutz*, 403 F.3d at 1067–69; *Caudle v. Bristow Optical Co.*, 224

24 F.3d 1014 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000).

25 Defendant estimates a three-day trial.

26 **VI.    ATTORNEY'S FEES [Local Rule 16-4.5]**

27 Title VII permits the "prevailing party" to recover both its costs of suit as well as

28 reasonable attorneys' fees. 42 USC § 2000e-5(k). However, Defendant contends that

6

certain attorneys' fees are not recoverable where Plaintiff pursued claims and tactics that were unsuccessful. *See Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997) (discussing courts' discretion to determine costs and fees where there have been both failures and successes by the plaintiff).

**VII.   ABANDONMENT OF ISSUES [Local Rule 16-4.6]**

Defendant does not abandon any issues in the pleadings.


Dated: May 3. 2021                          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Hillary M. Burrelle*
FATIMARGENTINA LACAYO
HILLARY BURRELLE
Assistant United States Attorney

Attorneys for Defendant Louis DeJoy,
Postmaster General, United States Postal
Service